In re Sandra McCLAFLIN, Debtor.

Sandra McCLAFLIN, Plaintiff,

v.

AVCO FINANCE CO., Defendant.

Bankruptcy No. 80 B 9782.
Adv. No. 80 A 1836.

United States Bankruptcy Court, N. D. Illinois, E. D.

May 22, 1981.

Harry Chaveriat, Chicago, Ill., for plaintiff.

Lawrence Friedman, Chicago, Ill., for defendant.

### Memorandum and Order

THOMAS JAMES, Bankruptcy Judge.

The court held a trial on the complaint of Sandra McClaflin, debtor, to avoid the non-possessory, nonpurchase-money security interest lien of Avco Financial Services, Inc., defendant, under § 522(f) of the Bankruptcy Code on certain property of the type listed in § 522(f)(2)(A) on the parties' agreed statement of facts. Judgment will be entered in favor of Sandra McClaflin, plaintiff, and against Avco Financial Services, Inc., defendant.

On or about December 15, 1978 Sandra borrowed $2,409.09 from Avco and executed a security agreement in and to all of the personalty, household goods, furniture and appliances, and other consumer goods in her possession in Avco's favor. Sandra has claimed the goods as exempt. The court concludes that Avco has a nonpossessory, nonpurchase-money security interest that impairs the exemptions to which she is entitled under § 522(b).

Avco asserts that because its lien was created prior to October 1, 1979, the effective date of the Bankruptcy Code, the use of § 522 to avoid its lien would constitute an unlawful taking of its property without due process of law. Debtor argues that Congress intended § 522 to apply to liens existing on its effective date of October 1, 1979, and that avoidance of such liens is not unconstitutional. Debtor is correct.

Section 522 provides that:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor . . . .

Bankruptcy Judge Ralph Mabey has analyzed in great detail the questions of the retrospective application of § 522(f) and the constitutionality of such application in his learned opinion in *In re Pillow,* 8 B.R. 404 (Bkrtcy.Utah, 1981). This court agrees with Judge Mabey's analysis and respectfully adopts his opinion in support of its conclusion.

Section 522(f) applies to liens existing on the effective date of the Bankruptcy Code. There is no suggestion in the language of § 522 that it refers only to liens created after any particular date. The purpose of the section, as expressed in the legislative history, is to provide a method for ending

collection efforts concerning discharged debts. Congress found that household property is of itself of little or no value to creditors. The threat of repossession, is, however and Congress sought to remove this threat for debtors who filed bankruptcy cases on and after October 1, 1979.

■ The court's conclusion is further supported by the absence of a savings clause for the type of security interest Avco claims as of the effective date of the Code. Section 522(f) is available to all debtors who file petitions after October 1, 1979 regardless of when liens were created.

■ Modification of Avco's rights under Sandra's security agreement does not deprive Avco of property without due process. Avco's right to Sandra's property arises only when certain specific conditions occur. The Code modifies the contract between Avco and Sandra in such a way that Avco loses a right it had under the contract. As noted by Judge Mabey all bankruptcy statutes have done away with creditors' rights and have been vigorously attacked for so doing. But Congress has the constitutional authority under its bankruptcy power to avoid creditors' rights including liens.

It is therefore ordered that judgment is entered in favor of Sandra McClaflin, debtor-plaintiff, and against Avco Financial Services, Inc., defendant, and the lien of Avco Financial Services, Inc. in and to any or all of the personalty, household goods, furniture and appliances, and other consumer goods of Sandra McClaflin is voided.